**SIGNED this 22 day of December, 2005.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                      WESTERN DISTRICT OF TEXAS
                           AUSTIN DIVISION

IN RE:                          )
                                )
GUILLERMO ALFONSO SOSA          )   CASE NO. 05-20097-FM
MELBA NELLY SOSA                )   (Chapter 13)
                    DEBTOR(S)   )
```

### MEMORANDUM OPINION

On December 20, 2005 at 10:00 a.m., the Court held a Show Cause hearing as to why this case should not be dismissed for failure of the Debtors to file a Certificate of Credit Counseling. The Debtors appeared pro se but had copies of pleadings which had been filed that morning by James R. Chapman, Jr., the proposed attorney for the Debtors. Such pleadings included a Response to the Court's Order to Show Cause. Additionally, the Debtors answered questions of the Court at the hearing.

This is core proceeding under 28 U.S.C. §157 as it is a matter both arising under Title 11 and in a case under Title 11. As such, the Court has the jurisdiction to enter a final order in

1

this matter pursuant to 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1), 28 U.S.C. §151, and the Standing Order of Reference from the United States District Court for the Western District of Texas of all bankruptcy matters.

## Statement of Law

The Congress of the United States of America passed and the President of the United States of America signed into law the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Act"). It became fully effective on October 17, 2005. Those responsible for the passing of the Act did all in their power to avoid the proffered input from sitting United States Bankruptcy Judges, various professors of bankruptcy law at distinguished universities, and many professional associations filled with the best of the bankruptcy lawyers in the country as to the perceived flaws in the Act. This is because the parties pushing the passage of the Act had their own agenda. It was apparently an agenda to make more money off the backs of the consumers in this country. It is not surprising, therefore, that the Act has been highly criticized across the country. In this writer's opinion, to call the Act a "consumer protection" Act is the grossest of misnomers.

One of the more absurd provisions of the new Act makes an individual ineligible for relief under the Bankruptcy Code unless such individual, "has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in

2

§111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." See 11 U.S.C. §109(h)(1). No doubt this is a truly exhaustive budget analysis.

An individual who does not receive such counseling can only receive an exemption from such requirement if such debtor "submits to the court a certification that - (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1); (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and (iii) is satisfactory to the court." See 11 U.S.C. §109(h)(3)(A). In the event such waiver is granted, the debtor must complete such counseling within 30 days after the petition date. See 11 U.S.C. §109(h)(3)(B).

Simply stated, if a debtor does not request the required credit counseling services from an approved nonprofit budget and credit counseling service before the petition is filed, that person is ineligible to be a debtor no matter how dire the circumstances the person finds themselves in at that moment.

This Court views this requirement as inane. However, it is a clear and unambiguous provision obviously designed by Congress to protect consumers.

### Facts of this Case

In this case the Debtors admit they did not seek or request the required credit counseling services from an approved nonprofit budget and credit counseling agency before filing their case even though they talked to Mr. Chapman by telephone prior to filing and he rightfully advised them to do so. Instead they filed this Chapter 13 case on December 6, 2005, "as an emergency measure to stop foreclosure on their homestead." See Debtors' Response to Court's Order to Show Cause. The Debtors responded to the Court's question as to why they waited so long to file their case by stating that they had been working with the mortgage company to determine the exact amount that was owed but that the lien holder had refused to accept payment at the last moment and that was what necessitated the emergency filing of bankruptcy.

Mr. Sosa has now undergone his credit counseling on Friday, December 16, 2005 and filed a Certificate. No certificate has been filed by Mrs. Sosa.

### Decision

One Debtor has now substantially complied with the intent of the Act by undergoing the required credit counseling. One has not but still could within the time limit if a waiver could be granted. However, because the Debtors did not request such counseling before they filed their case, Congress says they are ineligible for relief under the Act. Can any rational human being make a cogent argument that this makes any sense at all?

But let's not stop there. If the Debtors' case is dismissed

and they re-file a new case within the next year, it may be that some creditor will take the position that the new case should be presumed to be filed not in good faith. See 11 U.S.C. §362(c)(3)(C). Section 362 further states that if subsection (c)(3)(C) applies, then the stay in that second case will only be good for thirty days unless the debtor (i) files a motion, (ii) obtains a hearing and ruling by the Court within such thirty-day period and (iii) proves by clear and convincing evidence that the second case was filed in good faith. It should be obvious to the reader at this point how truly concerned Congress is for the individual consumers of this country. Apparently, it is not the individual consumers of this country that make the donations to the members of Congress that allow them to be elected and re-elected and re-elected and re-elected.

The Court's hands are tied. The statute is clear and unambiguous. The Debtors violated the provision of the statute outlined above and are ineligible to be Debtors in this case. It must, therefore, be dismissed.

An Order of even date will be entered herewith. Congress must surely be pleased.

###